*126 OPINION OF THE COURT
Per Curiam.
Reinelda Elizabeth Urena De Checo (hereinafter the resignor) has proffered an affidavit of resignation wherein she acknowledges that she is the subject of an investigation into her professional conduct, which has adduced evidence that would result in disciplinary charges, as follows: the resignor neglected client matters and misrepresented the status of those matters to her clients, converted client funds, and failed to cooperate with the Grievance Committee for the Tenth Judicial District. She acknowledges that she would not be able to successfully defend herself on the merits against such charges.
The resignor further acknowledges that her resignation is freely and voluntarily rendered, and that she is not being subjected to coercion or duress by anyone. She has discussed her decision to resign with persons whose advice and counsel she respects, and is fully aware of the implications of the same, including the fact that she is barred by Judiciary Law § 90 and the Rules of the Appellate Division, Second Department, from seeking reinstatement as an attorney for a minimum period of seven years.
Finally, the resignor acknowledges that her resignation is submitted subject to any application that could be made by the Grievance Committee for an order directing that she make restitution and that she reimburse the Lawyers’ Fund for Client Protection pursuant to Judiciary Law § 90 (6-a) (a). She further acknowledges the continuing jurisdiction of the Court to make such an order, which could be entered as a civil judgment against her pursuant to Judiciary Law § 90 (6-a) (d). She specifically waives the opportunity afforded to her by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.
The Grievance Committee recommends that the Court accept the resignation and that the resignor’s name be stricken from the roll of attorneys and counselors-at-law.
Inasmuch as the proffered resignation complies with the requirements of 22 NYCRR 691.9, it is accepted, and effective immediately, the resignor is disbarred, and her name is stricken from the roll of attorneys and counselors-at-law.
Eng, EJ., Rivera, Skelos, Dillon and Balkin, JJ., concur.
Ordered that the resignation of Reinelda Elizabeth Urena De Checo, admitted as Reinelda Elizabeth Urena, is accepted and directed to be filed; and it is further,
*127 Ordered that pursuant to Judiciary Law § 90, effective immediately, Reinelda Elizabeth Urena De Checo, admitted as Reinelda Elizabeth Urena, is disbarred, and her name is stricken from the roll of attorneys and counselors-at-law; and it is further,
Ordered that Reinelda Elizabeth Urena De Checo, admitted as Reinelda Elizabeth Urena, shall comply with this Court’s rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,
Ordered that pursuant to Judiciary Law § 90, effective immediately, Reinelda Elizabeth Urena De Checo, admitted as Reinelda Elizabeth Urena, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,
Ordered that if Reinelda Elizabeth Urena De Checo, admitted as Reinelda Elizabeth Urena, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and she shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 691.10 (f).